1   Samuel R. Randall (No. 024517)
2   **RANDALL LAW PLLC**
    4742 North 24th Street, Suite 300
3   Phoenix, Arizona 85016
    Telephone:    602.328.0262
4   Facsimile:    602.926.1479
    Email:        srandall@randallslaw.com
5

6   Michael A. Josephson (*pro hac vice forthcoming*)
    Andrew W. Dunlap (*pro hac vice forthcoming*)
7   **JOSEPHSON DUNLAP LLP**
8   11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
9   Telephone:    713.352.1100
    Facsimile:    713.352.3300
10  Emails:       mjosephson@mybackwages.com
                  adunlap@mybackwages.com
11

12  [Additional counsel appear on signature page]

13
14  **ATTORNEYS FOR PLAINTIFF AND**
    **THE PUTATIVE CLASS MEMBERS**
15

16          **UNITED STATES DISTRICT COURT**
                  **DISTRICT OF ARIZONA**
17                 **PHOENIX DIVISION**

18  Derek Abendroth, Individually and for       **Case No. _____**
    Others Similarly Situated,
19
                                                **ORIGINAL CLASS AND**
20                                              **COLLECTIVE ACTION**
            Plaintiff,                          **COMPLAINT FOR DAMAGES**
21
22   v.                                         **Failure to Pay Overtime Wages**
                                                **(Fair Labor Standards Act, 29**
23  Republic Services, Inc., a Delaware for-    **U.S.C. § 201, *et seq.*)**
    profit corporation,
24
                                                **Failure to Pay All Wages Earned**
25          Defendant.                          **(Minnesota Payment of Wages Act,**
                                                **MINN. STAT. § 181.101, *et seq.*)**
26
27                                              **(Jury Trial Demanded)**

28

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.      Derrek Abendroth (Abendroth) brings this class and collective action to recover unpaid wages and other damages from Republic Services, Inc. (Republic).

2.      Abendroth worked for Republic as a short-haul Driver in Minnesota.

3.      Like the Putative Class Members (as defined below), Abendroth regularly worked more than 40 hours in a week.

4.      But Republic did not pay for all the hours they worked.

5.      Instead, Republic deducted 30 minutes a day from these employees' work time for so-called meal breaks.

6.      Abendroth and the Putative Class Members were thus not paid for that time.

7.      But Republic fails to provide Abendroth and the Putative Class Members with *bona fide* meal breaks.

8.      Instead, Republic requires Abendroth and the Putative Class Members to remain on-duty throughout their shifts and continuously subjects them to interruptions during their unpaid "meal breaks."

9.      Republic's meal break deduction policy violates the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA) and the Minnesota Payment of Wages Act, MINN. STAT. § 181.101, *et seq.* (MPWA) by depriving Abendroth and the Putative Class Members of wages, including overtime pay, for all hours worked, including those worked in excess of 40 hours in a workweek.

10.     In addition to failing to pay Abendroth and the Putative Class Members for time worked during their unpaid "meal breaks," Republic also failed to pay these employees for work they completed "off the clock" before their scheduled shifts.

11.     Specifically, prior to clocking in for their shifts, Republic required Abendroth and the Putative Class Members to prepare their vehicles to ensure they began driving their routes as soon as their shifts began.

12.     Abendroth and the Putative Class Members were thus not paid for that pre-shift "off the clock" work.

13.     Republic's uniform pre-shift vehicle preparation practice violates the FLSA and MPWA by depriving Abendroth and the Putative Class Members of wages, including overtime pay, for all hours worked, including those worked in excess of 40 hours in a workweek.

14.     Finally, like many companies across the United States, Republic uses Kronos timekeeping and payroll systems.

15.     In December 2021, Kronos experienced a ransomware attack that caused an outage to all Kronos timekeeping and payroll systems, including Republic's.

16.     As a result, Republic's non-exempt employees, including Abendroth and the Putative Class Members, did not timely receive their agreed wages for the hours they actually worked during the Kronos outage.

17.     Republic easily could have implemented a system to accurately record time and properly pay these employees until the Kronos outage was resolved.

18.     But Republic did not do so.

19. Instead, Republic paid Abendroth and the Putative Class Members a set amount, regardless of the actual number of hours they worked during the Kronos outage.

20. Republic's failure to timely pay Abendroth and the Putative Class Members proper wages, including overtime wages, for all hours worked during the Kronos outage violates the FLSA and MPWA.

## JURISDICTION & VENUE

21. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

22. This Court has supplemental jurisdiction over any state-law subclass pursuant to 28 U.S.C. § 1367 because these claims arise from a common nucleus of operative facts.

23. This Court has general personal jurisdiction over Republic because Republic maintains its principal place of business and headquarters in Phoenix, Arizona.

24. Venue is proper because Republic maintains its headquarters in Phoenix, Arizona. 28 U.S.C. § 1391(b)(1).

## PARTIES

25. Abendroth worked for Republic as a short-haul Driver in Minnesota from approximately August 2021 until February 2022, including during the Kronos outage.

26. Throughout his employment, Republic classified Abendroth as non-exempt and paid him on an hourly basis.

27. Throughout his employment, Republic subjected Abendroth to its common practice of deducting 30 minutes a day from his recorded work time for so-called "meal breaks."

28.    Throughout his employment, Republic required him to prepare his vehicle "off the clock," before his scheduled shifts began.

29.    Further, during the Kronos outage, Republic failed to accurately track the actual hours Abendroth worked and, therefore, failed to timely pay him for the same.

30.    Abendroth's written consent is attached as **Exhibit 1**.

31.    Abendroth brings this action on behalf of himself and other similarly situated hourly, non-exempt Republic Drivers who (1) were subject to Republic's meal break deduction policy, (2) were subject to Republic's pre-shift vehicle preparation practice, and/or (3) worked for Republic during the Kronos outage.

32.    Republic uniformly requires all these employees to remain on-duty and perform work throughout their shifts, including their unpaid "meal breaks."

33.    Republic uniformly requires all these employees to prepare their vehicles "off the clock" before their scheduled shifts begin.

34.    Republic uniformly failed to timely pay these employees proper wages during the Kronos outage.

35.    The FLSA Collectives of similarly situated employees are defined as:

**All hourly, non-exempt Republic Drivers who received a meal period deduction and/or was subject to Republic's pre-shift vehicle preparation practice at any time during the past 3 years ("FLSA Driver Collective Members" or "FLSA Driver Collective"); and**

**All non-exempt employees who worked for Republic at any time from the onset of the Kronos outage, beginning on or about December 11, 2021, until the time Republic regained full access to all Kronos products and services and resumed normal employee timekeeping and payment operations**

**("FLSA Kronos Collective Members" or "FLSA Kronos Collective").**

36.     The FLSA Driver Collective Members and the FLSA Kronos Collective Members are collectively referred to as the "FLSA Collective Members" or "FLSA Collectives."

37.     Abendroth also seeks certification of such classes under the MPWA pursuant to FED. R. CIV. P. 23.

38.     The Minnesota Classes of similarly situated employees are defined as:

**All hourly, non-exempt Republic Drivers who received a meal period deduction and/or was subject to Republic's pre-shift vehicle preparation practice while working in Minnesota at any time during the past 3 years ("Minnesota Driver Class Members" or "Minnesota Driver Class"); and**

**All non-exempt employees who worked for Republic in Minnesota at any time from the onset of the Kronos outage, beginning on or about December 11, 2021, until the time Republic regained full access to all Kronos products and services and resumed normal employee timekeeping and payment operations ("Minnesota Kronos Class Members" or "Minnesota Kronos Class").**

39.     The Minnesota Driver Class Members and the Minnesota Kronos Class Members are collectively referred to as the "Minnesota Class Members" or the "Minnesota Classes."

40.     The FLSA Collective Members and Minnesota Class Members are collectively referred to as the "Putative Class Members" or "Putative Classes."

41.     The Putative Class Members can be readily ascertained from Republic's business and personnel records.

42.     Republic is a Delaware for-profit corporation that maintains its headquarters in Phoenix, Arizona.

43.     Republic may be served with process by serving its registered agent: C T Corporation System, 3800 North Central Avenue, Suite 460, Phoenix, Arizona 85012.

**COVERAGE UNDER THE FLSA**

44.     At all relevant times, Republic was and is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

45.     At all relevant times, Republic was and is an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

46.     At all relevant times, Republic has been part of an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cellphones, personal protective equipment, etc. – that have been moved in or produced for commerce.

47.     In each of the past 3 years, Republic has had and has an annual gross volume of sales made or business done of not less than $500,000.00.

48.     At all relevant times, Abendroth and the Putative Class Members were Republic's "employees" within the meaning of Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

49.     Republic uniformly deducted 30 minutes/shift from Abendroth's and the Putative Class Members' wages for meal breaks, even when these employees did not actually receive *bona fide*, non-interrupted meal breaks.

50.     As a result, Republic failed to pay Abendroth and the Putative Class Members for this compensable work, including overtime, in violation of the FLSA.

51.     Republic's meal break deduction policy, which deprives Abendroth and the Putative Class Members of overtime compensation for the weeks in which these employees work over 40 hours, violates the FLSA. 29 U.S.C. § 207(a) & (e).

52.     Further, Republic uniformly required Abendroth and the Putative Class Members to prepare their vehicles "off the clock" before their scheduled shifts began.

53.     As a result, Republic failed to pay Abendroth and the Putative Class Members for this compensable work, including overtime, in violation of the FLSA.

54.     Republic's pre-shift vehicle preparation practice, which deprives Abendroth and the Putative Class Members of overtime compensation for the weeks in which these employees work over 40 hours, violates the FLSA. 29 U.S.C. § 207(a) & (e).

55.     Finally, Republic uniformly failed to accurately record Abendroth's and the Putative Class Members' hours worked during the Kronos outage.

56.     As a result, Republic uniformly failed to timely pay Abendroth and the Putative Class Members wages, including overtime wages, in violation of the FLSA.

57.     Republic's failure to timely pay Abendroth and the Putative Class Members overtime wages for all hours worked in excess of 40 hours in a workweek during the Kronos outage violates the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTS

58.    Republic is a waste disposal company that provides non-hazardous solid waste collection, waste transfer, waste disposal, recycling, and energy services to communities across the United States, including in Minnesota.

59.    Republic hires Drivers (including Abendroth and the Putative Class Members) to provide waste collection, disposal, and intra-state transfer services across the United States, including in Minnesota.

60.    Republic uniformly classifies these employees (including Abendroth and the Putative Class Members) as non-exempt and pays them on an hourly basis.

61.    While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

62.    For example, Abendroth worked for Republic as a short-haul Driver in Minnesota from approximately August 2021 until February 2022, including during the Kronos outage.

63.    Throughout his employment, Republic classified Abendroth as non-exempt and paid him on an hourly basis.

64.    Throughout his employment, Republic subjected Abendroth to its common practice of deducting 30 minutes from his recorded hours worked and wages each shift for meal breaks, regardless of whether he actually received a *bona fide* meal break.

65.    Throughout his employment, Republic required Abendroth to prepare his vehicle "off the clock," before his shifts began, and failed to pay him for this compensable pre-shift work.

66.     Further, during the Kronos outage, Republic failed to accurately track the actual hours Abendroth worked and, therefore, failed to timely pay him accurate wages (including overtime wages) for the same.

67.     As Republic Drivers, Abendroth's and the Putative Class Members' primary responsibilities included picking up solid waste from residential neighborhoods along intra-state routes dictated by Republic and disposing of said waste at Republic's landfills.

68.     As Republic Drivers, Abendroth and the Putative Class Members must report and return to their normal work reporting location within 14 consecutive hours worked.

69.     As Republic Drivers, Abendroth and the Putative Class Members stay within a 150 air-mile radius of their respective work reporting locations and do not cross state lines.

70.     As Republic Drivers, Abendroth and the Putative Class Members haul waste in-state.

71.     The waste Abendroth and the Putative Class Members haul reaches its final destination in Republic's landfills.

72.     Thus, Abendroth and the Putative Class Members are non-exempt employees entitled to overtime compensation.

73.     Abendroth and the Putative Class Members performed their jobs under Republic's supervision, and using materials, equipment, and technology approved and supplied by Republic.

74.     Republic requires Abendroth and the Putative Class Members to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

75.    At the end of each pay period, Abendroth and the Putative Class Members received wages from Republic that were determined by common systems and methods that Republic selected and controlled.

76.    Republic requires its hourly, non-exempt employees, including Abendroth and the Putative Class Members, to record their hours worked using Republic's timeclock system (Kronos).

77.    Further, Republic subjects its hourly, non-exempt employees, including Abendroth and the Putative Class Members, to a common policy and practice of deducting time from these employees' recorded hours worked for meal periods.

78.    Specifically, Republic deducts 30 minutes from Abendroth's and the Putative Class Members' time records each shift they work for meal periods, regardless of whether these employees actually receive a full, uninterrupted, 30-minute meal period.

79.    But Republic fails to provide Abendroth and the Putative Class Members with *bona fide* meal periods.

80.    Instead, Republic requires Abendroth and the Putative Class Members to remain on-duty and working throughout their shifts, continuously subjecting them to interruptions, including during their unpaid meal periods.

81.    This unpaid time is compensable under the FLSA and MPWA because Republic knew, or should have known, that (1) Abendroth and the Putative Class Members were performing unpaid work during their "meal breaks," (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, (3) they entirely skipped the meal period due to work demands, and/or (4) the meal period was less than 30 minutes.

82.     The unpaid time is also compensable under the MWPA because Republic agreed to pay Abendroth and the Minnesota Class Members set rates of pay for all hours they worked, and Republic failed to pay them all their earned wages.

83.     Republic failed to exercise its duty to ensure Abendroth and the Putative Class Members were not performing work that Republic did not want performed during their unpaid "meal breaks."

84.     Despite accepting the benefits, Republic did not pay Abendroth and the Putative Class Members for the compensable work they performed during their "meal breaks."

85.     Thus, under Republic's uniform meal break deduction policy, Abendroth and the Putative Class Members are denied overtime pay for those on-duty "meal breaks" in workweeks in which they worked in excess of 40 hours in violation of the FLSA and MPWA.

86.     Likewise, under Republic's uniform meal break deduction policy, Abendroth and the Minnesota Class Members are denied "straight time" pay (at their agreed hourly rates) for those on-duty "meal breaks" in workweeks in which they worked fewer than 40 hours in violation of the MPWA.

87.     Further, in addition to failing to pay Abendroth and the Putative Class Members for the work they perform during their unpaid "meal breaks," Republic also uniformly requires these employees to prepare their vehicles "off the clock" before their scheduled shifts.

88.     Specifically, Republic requires Abendroth and the Putative Class Members to arrive at the facility at least 15 minutes before their scheduled shifts and prepare their vehicles

so they would be ready and able to start driving their scheduled routes as soon as their shifts began.

89.     But Republic prohibited Abendroth and the Putative Class Members from clocking in until their scheduled shifts began.

90.     Instead, Republic required Abendroth and the Putative Class Members to complete their mandatory pre-shift vehicle preparation "off the clock."

91.     Thus, Republic did not pay Abendroth and the Putative Class Members for this mandatory pre-shift work.

92.     This unpaid time is compensable under the FLSA and MPWA because Republic knew, or should have known, that Abendroth and the Putative Class Members were performing unpaid work before their shifts because Republic expected and required them to do so.

93.     The unpaid time is also compensable under the MWPA because Republic agreed to pay Abendroth and the Minnesota Class Members set rates of pay for all hours they worked, and Republic failed to pay them all their earned wages, including for the time they spent preparing their vehicles "off the clock" before their shifts.

94.     Indeed, Republic mandated and required Abendroth and the Putative Class Members to prepare their vehicles "off the clock" before their shifts began; the pre-shift vehicle preparation is completed on Republic's premises; the pre-shift vehicle preparation is controlled by Republic; and the pre-shift vehicle preparation is undertaken primarily for Republic's (and its business') benefit.

95.     Further, the mandatory pre-shift vehicle preparation is necessary to the principal work Abendroth and the Putative Class Members perform – picking up and disposing of waste using their trash trucks.

96.     Republic requires Abendroth and the Putative Class Members to prepare their vehicles ("off the clock") before they begin driving their routes to ensure their vehicles are ready to begin driving their routes and picking up waste as soon as their shifts begin.

97.     Thus, this mandatory pre-shift vehicle preparation is integral and indispensable to Abendroth's and the Putative Class Members' waste disposal work.

98.     Indeed, Republic could not eliminate this vehicle preparation altogether without impairing Abendroth's and the Putative Class Members' ability to safely drive their routes and perform their waste disposal duties.

99.     Republic failed to exercise its duty to ensure Abendroth and the Putative Class Members were not performing work that Republic did not want performed "off the clock" before their shifts.

100.     Despite accepting the benefits, Republic did not pay Abendroth and the Putative Class Members for the compensable work they performed "off the clock" before their shifts.

101.     Thus, under Republic's uniform pre-shift vehicle preparation practice, Abendroth and the Putative Class Members are denied overtime pay for all overtime hours worked, including time these employees spent preparing their vehicles "off the clock" before their shifts, in violation of the FLSA and MPWA.

102.    Likewise, under Republic's uniform pre-shift vehicle preparation practice, Abendroth and the Minnesota Class Members are denied "straight time" pay (at their agreed hourly rates) for all hours worked, including time these employees spent preparing their vehicles "off the clock" before their shifts, in violation of the MPWA.

103.    Republic knows Abendroth and the Putative Class Members routinely perform work "off the clock" during their unpaid meal breaks and/or before their shifts because Republic expects and requires these employees to do so.

104.    But Republic does not pay Abendroth and the Putative Class Members for their routine "off the clock" work, including those hours worked in excess of 40 hours in a workweek, in violation of the FLSA and MPWA.

105.    Finally, since at least 2021, Republic has used timekeeping software and hardware operated and maintained by Kronos.

106.    On or about December 11, 2021, Kronos was hacked with ransomware.

107.    As a result of the hack, Kronos customers and users, including Republic, were unable to use Kronos's software and hardware to track the hours worked by its non-exempt employees (including Abendroth and the Putative Class Members).

108.    Thus, during the Kronos outage, Republic was unable to timely pay its non-exempt employees (including Abendroth and the Putative Class Members) wages (including overtime wages) for the actual number of hours they worked.

109.    For at least a portion of the Kronos outage, Republic failed to accurately track the hours Abendroth and the Putative Class Members actually worked.

110.    Instead, Republic paid Abendroth and the Putative Class Members based on estimations of their hours worked, regardless of the number of hours they actually worked each workweek during the Kronos outage.

111.    As a result of Republic's failure to accurately track their actual hours worked, non-exempt employees who worked for Republic during the Kronos outage, including Abendroth and the Putative Class Members, were not timely paid for all the hours they worked (including overtime hours) each workweek during the Kronos outage.

112.    Abendroth and the Putative Class Members were affected by Republic's negligent pay and timekeeping practices, which deprived these employees of pay for all hours worked (including overtime) during the Kronos outage in violation of the FLSA and MPWA.

113.    In properly calculating and paying overtime to a non-exempt employee, the only metrics that are needed are: (1) the number of hours worked in a day or week and (2) the employee's regular rate, as calculated under applicable law.

114.    Republic could have instituted any number of methods to accurately track and timely pay Abendroth and the Putative Class Members for all hours worked.

115.    It was feasible for Republic to have its employees report accurate hours so they could be paid the full and correct amounts of wages they were owed during the workweeks affected by the Kronos outage.

116.    Indeed, Abendroth and the Putative Class Members reported the hours they worked to Republic on a regular basis and continued to do so during the Kronos outage.

117.    But, instead of utilizing accurate timekeeping methods and timely paying these Abendroth and the Putative Class Members wages for all the hours they actually worked,

Republic paid them based on estimations that failed to account for all the hours they actually worked.

118.    In other words, Republic foisted the effects of the Kronos outage onto the back of its most economically vulnerable workers, making sure it kept the money it owed to those employees in its own coffers, rather than take the steps to make sure it timely paid its non-exempt employees in full for the work they performed.

119.    The full wages and overtime compensation owed to Abendroth and the Putative Class members became "unpaid" when the work for Republic was done – that is, on Abendroth's and the Putative Class Members' regular paydays.

120.    At the time Republic failed to pay Abendroth and the Putative Class Members in full for their actual hours worked, including overtime hours, by their regular paydays, Republic became liable for all prejudgment interest, liquidated damages, penalties, and any/all other damages owed under the FLSA and MPWA.

121.    In fact, there is essentially no distinction between late payment and nonpayment of wages under the law. *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir. 1993).

122.    The late or otherwise untimely payment of wages, including overtime compensation, in itself, does not resolve a claim for unpaid wages. *See*, *e.g.*, *Seminiano v. Xyris Enterp., Inc.*, 602 Fed. Appx. 682 683 (9th Cir 2015); *Lynn's Food Stores Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982).

123.    Nor does the untimely payment of wages, if any, compensate Abendroth and the Putative Class Members for the damages they incurred due to Republic's negligent acts and omissions resulting in these unpaid wages in the first place.

124.    Abendroth and the Putative Class Members remain uncompensated for the wages and other damages owed by Republic under the FLSA and MPWA as a result of the Kronos outage.

125.    Abendroth worked more than 40 hours in at least one workweek during the three years before this Complaint was filed, including during the Kronos outage.

126.    Likewise, each Putative Class Member worked more than 40 hours in at least one workweek during the three years before this Complaint was filed, including during the Kronos outage.

127.    Indeed, Republic typically schedules Abendroth and the Putative Class Members to work 12+ hours/day for 4-5 days a week.

128.    And Abendroth and the Putative Class Members regularly are also required to work during their unpaid meal breaks and/or before their shifts "off the clock" to complete their job duties and responsibilities.

129.    As a result, Abendroth and the Putative Class Members work in excess of 40 hours in a typical workweek, including during the Kronos outage.

130.    When Abendroth and the Putative Class Members worked more than 40 hours in a workweek, Republic did not pay them overtime wages at 1.5 times their regular rates for all overtime hours worked because (1) Republic failed to include time these employees worked during their unpaid meal breaks in their total number of hours worked in a given workweek, (2) Republic failed to include time these employees worked before their shifts in their total number of hours worked in a given workweek, and/or (3) Republic failed to accurately track the actual hours they worked during the Kronos outage.

131.    Likewise, when Abendroth and the Minnesota Class Members worked fewer than 40 hours in a workweek, Republic did not pay them "straight time" pay (at their agreed hourly rates) for all hours worked because (1) Republic failed to include time these employees worked during their unpaid meal breaks in their total number of hours worked in a given workweek, (2) Republic failed to include time these employees worked before their shifts in their total number of hours worked in a given workweek, and/or (3) Republic failed to accurately track the actual hours they worked during the Kronos outage.

132.    Republic knew, or should have known, it was subject to the FLSA and MPWA, including their respective overtime provisions.

133.    Republic knew, or should have known, the FLSA and MPWA require it to timely pay employees, including Abendroth and the Putative Class Members, overtime at rates not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 hours in a workweek.

134.    Republic knew, or should have known, the MPWA requires it to timely pay employees, including Abendroth and the Minnesota Class Members, all wages (including overtime wages) due, at the rates Republic agreed to pay them, for all hours worked.

135.    Republic knew, or should have known, Abendroth and the Putative Class Members worked more than 40 hours in a week, including during the Kronos outage.

136.    Republic knew, or should have known, Abendroth and the Putative Class Members regularly worked during their unpaid "meal breaks" and/or before their shifts because Republic expected and required them to do so.

- 19 -

137.    Republic knew, should have known, Abendroth and the Putative Class Members are non-exempt employees and, therefore, entitled to overtime compensation.

138.    Republic knew, should have known, or showed reckless disregard for, whether the conduct described in this Complaint violated the FLSA and MPWA.

139.    Republic knowingly, willfully, and/or in reckless disregard carried out these illegal policies and practices that deprived Abendroth and the Putative Class Members of timely and accurate wages, including overtime compensation, for all hours worked, including those worked in excess of 40 hours in a workweek (including those workweeks affected by the Kronos outage), in violation of the FLSA and MPWA.

140.    Nonetheless, Republic failed to timely pay Abendroth and the Putative Class Members overtime wages for all hours these employees worked in excess of 40 hours in a workweek (including those overtime hours worked during the Kronos outage) in violation of the FLSA and MPWA.

141.    Likewise, Republic failed to timely pay Abendroth and the Minnesota Class Members all their wages (including overtime wages) earned, at the rates Republic agreed to pay them, for all the hours of work they performed (including the work they performed during the Kronos outage) in violation of the MPWA.

142.    Republic's failure to pay Abendroth and the Putative Class Members overtime compensation for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime compensation for all overtime hours worked made in good faith.

143.    Republic's failure to pay Abendroth and the Minnesota Class Members all wages earned for all hours worked was neither reasonable, nor was the decision not to pay these employees all wages earned for all hours worked made in good faith.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

144.    Abendroth brings his claims as a class and collective action under the FLSA and Federal Rule of Civil Procedure 23.

145.    The Putative Class Members were victimized by (1) Republic's meal break deduction policy, (2) Republic's pre-shift vehicles preparation practice, and/or (3) Republic's failure to accurately track non-exempt employees' hours worked during the Kronos outage, all of which are in willful violation of the FLSA and MPWA.

146.    Other Putative Class Members worked with Abendroth and indicated they were paid in the same manner, performed similar work, and were subject to Republic's same policies and practices.

147.    Based on his experiences with Republic, Abendroth is aware Republic's illegal practices were imposed on the Putative Class Members.

148.    The Putative Class Members are similarly situated in all relevant respects.

149.    Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

150.    Therefore, the specific job titles or precise job locations of the various members of the Putative Classes do not prevent class or collective treatment.

151.    Rather, the Putative Classes are held together by (1) Republic's uniform meal break deduction policy, (2) Republic's uniform pre-shift vehicle preparate practice, and/or

- 21 -

(3) Republic's failure to accurately track non-exempt employees' hours worked during the Kronos outage, each of which systematically deprived Abendroth and the Putative Class Members of wages, including overtime pay, for all hours worked, including those worked in excess of 40 hours in a workweek.

152.    The Putative Class Members are similarly denied overtime pay for all overtime hours worked when they work more than 40 hours in a workweek (including those workweeks affected by the Kronos outage).

153.    The Minnesota Class Members are similarly denied "straight time" pay (at their agreed hourly rates) for all hours worked when they work fewer than 40 hours in a workweek (including those workweeks affected by the Kronos outage).

154.    The back wages owed to Abendroth and the Putative Class Members will be calculated using the same records and using the same formula.

155.    Abendroth's experiences are therefore typical of the experiences of the Putative Class Members.

156.    Abendroth has no interests contrary to, or in conflict with, the Putative Class Members that would prevent class or collective treatment.

157.    Like each Putative Class Member, Abendroth has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

158.    A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

1  159.    Absent a class and collective action, many Putative Class Members will not
2  obtain redress for their injuries and Republic will reap the unjust benefits of violating the
3  FLSA and MPWA.
4
5  160.    Further, even if some of the Putative Class Members could afford individual
6  litigation against Republic, it would be unduly burdensome to the judicial system.
7  161.    Concentrating the litigation in one forum will promote judicial economy and
8  parity among the claims of the Putative Class Members, as well as provide judicial consistency.
9
10  162.    The questions of law and fact that are common to each Putative Class Member
11  predominate over any questions affecting solely the individual members.
12  163.    Among the common questions of law and fact are:
13
14         a.    Whether Republic engaged in a policy and practice of time deductions
15               for meal periods that were not *bona fide*, continuous, and uninterrupted
16               in violation of the FLSA and/or MPWA;
17         b.    Whether Republic's meal break deduction policy deprived Abendroth
18               and the Putative Class Members of pay for time worked during meal
19               periods that were not *bona fide*, continuous, and uninterrupted in
20               violation of the FLSA and/or MPWA;
21
22         c.    Whether Republic engaged in a policy and practice of requiring
23               Abendroth and the Putative Class Members to prepare their vehicles
24               "off the clock" before their shifts in violation of the FLSA and/or
25               MPWA;
26
27
28

d.    Whether Republic's pre-shift vehicle preparation practice deprived Abendroth and the Putative Class Members of pay for time worked "off the clock" before their shifts in violation of the FLSA and/or MPWA;

e.    Whether Republic failed to pay Abendroth and the Putative Class Members overtime for all hours worked in excess of 40 hours in a workweek, including hours worked "off the clock" during missed and interrupted meal breaks and/or before their shifts in violation of the FLSA and/or MPWA;

f.    Whether Republic failed to pay Abendroth and the Minnesota Class Members all wages earned, at their agreed hourly rates, for all hours worked in violation of the MPWA;

g.    Whether Republic knew, or had reason to know, Abendroth and the Putative Class Members were requested, suffered, permitted, or allowed to work during their unpaid meal breaks and/or before their shifts in violation of the FLSA and/or MPWA;

h.    Whether Republic engaged in a common policy and practice of failing to accurately record Abendroth's and the Putative Class Members' actual hours worked during the Kronos outage;

i.    Whether Republic failed to timely pay Abendroth and the Putative Class Members overtime wages for all overtime hours worked during the Kronos outage in violation of the FLSA and MPWA;

j.      Whether Republic failed to timely pay Abendroth and the Minnesota Class Members all wages (including overtime wages) earned, at their agreed rates, for all hours worked during the Kronos outage in violation of the MPWA;

k.      Whether Republic's violations of the FLSA and MPWA resulted from a continuing course of conduct;

l.      Whether Republic's decision not to timely pay Abendroth and the Putative Class Members overtime wages for all overtime hours worked was made in good faith;

m.      Whether Republic's decision not to timely pay Abendroth and the Minnesota Class Members all wages earned for all hours worked was made in good faith; and

n.      Whether Republic's violations of the FLSA and/or MPWA were willful.

164.    Abendroth and the Putative Class Members sustained damages arising out of Republic's illegal and uniform employment policies.

165.    Abendroth knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

166.    Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Republic's records, and there is no detraction from the common nucleus of liability facts.

167.    Therefore, the issue of damages does not preclude class or collective treatment.

168.    Republic is liable under the FLSA and MPWA for failing to pay Abendroth and the Putative Class Members overtime pay for all overtime hours worked when they worked more than 40 hours in a workweek (including those workweeks affected by the Kronos outage).

169.    Republic is liable under the MPWA for failing to pay Abendroth and the Minnesota Class Members "straight time" pay (at their agreed hourly rate) for all hours worked when they worked fewer than 40 hours in a workweek (including those workweeks affected by the Kronos outage).

170.    Consistent with Republic's illegal meal break deduction policy, Abendroth and the Putative Class Members were not paid overtime compensation for all overtime hours worked when they worked more than 40 hours in a workweek.

171.    Consistent with Republic's illegal meal break deduction policy, Abendroth and the Minnesota Class Members were not paid all their "straight time" pay (at their agreed hourly rates) when they worked fewer than 40 hours in a workweek.

172.    Consistent with Republic's illegal pre-shift vehicle preparation practice, Abendroth and the Putative Class Members were not paid overtime compensation for all overtime hours worked when they worked more than 40 hours in a workweek.

173.    Consistent with Republic's illegal pre-shift vehicle preparation practice, Abendroth and the Minnesota Class Members were not paid all their "straight time" pay (at their agreed hourly rates) when they worked fewer than 40 hours in a workweek.

174.    Consistent with Republic's failure to accurately record the number of hours Abendroth and the Putative Class Members actually worked during the Kronos outage, these

1    employees were not timely paid overtime compensation for all overtime hours worked when

2    they worked more than 40 hours in a workweek during the Kronos outage.

3        175.    Consistent with Republic's failure to accurately record the number of hours

4    Abendroth and the Minnesota Class Members actually worked during the Kronos outage,

5    these employees were not timely paid all their "straight time" pay (at their agreed hourly rates)

6

7    when they worked fewer than 40 hours in a workweek during the Kronos outage.

8        176.    As part of their regular business practices, Republic intentionally, willfully, and

9    repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and MPWA

10

11    with respect to Abendroth and the Putative Class Members.

12        177.    Republic's illegal meal break deduction policy deprived Abendroth and the

13

14    Putative Class Members of the wages, including overtime wages, they are owed under state

15    and/or federal law.

16        178.    Republic's illegal pre-shift vehicle preparation practice deprived Abendroth

17

18    and the Putative Class Members of the wages, including overtime wages, they are owed under

19    state and/or federal law.

20        179.    Republic's failure to accurately track Abendroth's and the Putative Class

21    Members' actual hours worked during the Kronos outage deprived these employees of the

22

23    wages, including overtime wages, they are owed under state and/or federal law.

24        180.    There are many similarly situated Putative Class Members who have been

25    denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-

26    supervised notice of this lawsuit and the opportunity to join it.

27

28

181.    This notice should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

182.    Those similarly situated employees are known to Republic, are readily identifiable, and can be located through Republic's records.

<u>COUNT I</u>

**FAILURE TO PAY OVERTIME WAGES UNDER FLSA**
**(FLSA COLLECTIVE)**

183.    Abendroth realleges and incorporates all other paragraphs by reference.

184.    Abendroth brings his FLSA claims as a collective action under 29 U.S.C. § 216(b).

185.    Republic violated, and is violating, the FLSA by failing to pay Abendroth and the FLSA Collective Members overtime wages for all hours worked in excess of 40 in a single workweek, including hours worked "off the clock" during these employees' unpaid meal periods and/or before their shifts, as well as during workweeks affected by the Kronos outage.

186.    Throughout the relevant period, Republic expected and required Abendroth and the FLSA Collective Members to remain on-duty and be available to work, including during their unpaid meal breaks.

187.    Throughout the relevant period, Republic expected and required Abendroth and the FLSA Collective Members to prepare their vehicles "off the clock" before their shifts.

188.    During the Kronos outage, Republic failed to accurately track Abendroth's and the FLSA Collective Members' actual hours worked and, therefore, failed to timely pay these employees overtime compensation for all overtime hours worked during the Kronos outage.

189.    Abendroth and the FLSA Collective Members have been harmed as a direct and proximate result of Republic's unlawful conduct because they have been deprived of wages owed for work that they performed and from which Republic derived a direct and substantial benefit.

190.    Republic knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Abendroth and the FLSA Collective Members overtime compensation for all overtime hours worked.

191.    Republic's failure to pay Abendroth and the FLSA Collective Members overtime compensation for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime compensation for all overtime hours worked made in good faith.

192.    Accordingly, Abendroth and the FLSA Collective Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular hourly rates of pay, plus an equal amount as liquidated damages, and attorney's fees and costs.

## COUNT II

### FAILURE TO PAY ALL WAGES EARNED UNDER THE MPWA
### (MINNESOTA CLASS ONLY)

193.    Abendroth realleges and incorporates all other paragraphs by reference.

194.    Abendroth brings his MPWA claims as a class action under FED. R. CIV. P. 23.

195.    Abendroth and each Minnesota Class Member are, or were, Republic's "employees" within the meaning of the MPWA. *See* MINN. STAT. § 181.101.

196.    At all relevant times, Republic was an "employer" within the meaning of the MPWA. *See* MINN. STAT. § 181.171, subd. 4.

197.    Minn. Stat. § 181.101 requires employers, like Republic, to pay "all wages earned" by an employee at least once every 31 days on a regular payday designated in advance by the employer regardless of whether the employee requests payment at longer intervals and requires employers to pay a penalty in the amount of the employee's average daily earnings for up to 15 days if the employer does not make the payment within 10 days of demand. MINN. STAT § 181.101(a).

198.    Pursuant to Section 181.101 of the MPWA, wages are earned on the day an employee works, and employees have a substantive right to the payment of wages, as well as the right to be paid at certain, designated times. MINN. STAT § 181.101(a).

199.    Section 181.13 of the MPWA provides that when an employer discharges an employee, the wages actually earned and unpaid at the time of the discharge are immediately due and payable. *See* MINN. STAT § 181.13.

200.    Similarly, Section 181.14 of the MPWA provides that when an employee resigns or quits employment, the wages earned and unpaid at the time the employee resigns or quits must be paid in full no later than the next regularly scheduled payday. *See* MINN. STAT § 181.14.

201.    Wages are actually "earned and unpaid" if the employee was not paid for "all time worked" at the employee's regular rate or pay or as required by statute, regulation, rule, ordinance, government resolution or policy, contract, or other legal authority. MINN. STAT. §§ 181.13(a), 181.14, subd. 1.

202.    Time worked includes, *inter alia*, any time "involved in the performance of duties in connection with [the employee's] employment." MINN. R. 5200.0120, subp. 1.

203.    Further, MINN. R. 5200.0120, subp. 1 requires employers, like Republic, to compensate employees for all meal and/or rest breaks of less than 20 consecutive minutes.

204.    During the course of their employment, Republic agreed to pay Abendroth and each Minnesota Class Member an hourly rate for all hours they worked under and up to 40 hours in a workweek, as well as overtime rates for all hours they worked in excess of 40 hours in a workweek.

205.    Abendroth and each Minnesota Class Member accepted Republic's offer.

206.    But during the course of their employment, Republic failed to pay Abendroth and the Minnesota Class Members their agreed wages for all time they worked because (1) Republic deducted 30 minutes/shift from these employees' recorded hours worked for so-called "meal breaks," (2) Republic required them to prepare their vehicles "off the clock" before their shifts, and/or (3) Republic failed to accurately track their actual hours worked during the Kronos outage.

207.    Throughout the relevant period, Republic expected and required Abendroth and the Minnesota Class Members to remain on-duty and be available to work, including during their unpaid meal breaks.

208.    Throughout the relevant period, Republic expected and required Abendroth and the Minnesota Class Members to prepare their vehicles "off the clock" before their shifts.

209.    During the Kronos outage, Republic failed to accurately track Abendroth's and the Minnesota Class Members' actual hours worked and, therefore, failed to timely pay these

employees all their wages, including overtime wages, earned for all the hours they worked during the Kronos outage.

210.    Republic violated, and is violating, the MPWA by failing to timely pay Abendroth and the Minnesota Class Members for all hours worked, including hours worked "off the clock" during these employees' unpaid meal periods and/or before their shifts. *See* MINN. STAT. §§ 181.101, 181.13, and 181.14.

211.    Republic also violated the MPWA by failing to timely pay Abendroth and the Minnesota Class Members for all hours worked during the Kronos outage. *See* MINN. STAT. §§ 181.101, 181.13, and 181.14.

212.    The "straight time" and overtime wages Republic owes Abendroth and the Minnesota Class Members remain unpaid.

213.    Abendroth and the Minnesota Class Members have been harmed as a direct and proximate result of Republic's unlawful conduct because they have been deprived of wages owed for work that they performed and from which Republic derived a direct and substantial benefit.

214.    Republic knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to timely pay Abendroth and the Minnesota Class Members for all hours worked, including hours worked "off the clock" during these employees' unpaid meal periods and/or before their shifts, as well as during workweeks affected by the Kronos outage. *See* MINN. STAT. § 541.07(5).

215.    Republic's failure to timely pay Abendroth and the Minnesota Class Members all wages earned for all hours worked was neither reasonable, nor was the decision not to pay these employees all wages earned for all hours worked made in good faith.

216.    Accordingly, Abendroth and the Minnesota Class Members are entitled to recover their unpaid "straight time" and overtime wages for all hours worked under the MPWA, plus penalties equal to the amount of these employees' average daily earnings at their regular rates of pay for up to 15 days, as well as attorney's fees and costs. *See* MINN. STAT. §§ 181.13 and 181.14.

### JURY DEMAND

217.    Abendroth demands a trial by jury.

### RELIEF SOUGHT

WHEREFORE, Abendroth individually, and on behalf of the Putative Class Members, seeks the following relief:

a.    An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) be sent to the FLSA Collective Members allowing them to join this action by filing a written notice of consent;

b.    An Order designating the Minnesota Class as a class action pursuant to FED. R. CIV. P. 23;

c.    An Order appointing Abendroth and his counsel to represent the interests of the FLSA Collective and Minnesota Class;

d.  An Order finding Republic liable to Abendroth and the FLSA Collective Members for unpaid overtime owed under the FLSA, plus liquidated damages in an amount equal to their unpaid compensation;

e.  An Order finding Republic liable to Abendroth and the Minnesota Class Members for unpaid "straight time" and overtime wages owed under the MPWA, plus penalties equal to the amount of these employees' average daily earnings at their regular rates of pay for up to 15 days;

f.  A Judgment against Republic awarding Abendroth and the FLSA Collective Members all their unpaid overtime compensation, plus an equal amount as liquidated damages owed under the FLSA;

g.  A Judgement against Republic awarding Abendroth and the Minnesota Class Members for unpaid "straight time" wages, overtime wages, and penalties owed under the MPWA;

h.  An Order awarding attorney's fees, costs, and expenses;

i.  Pre- and post-judgment interest at the highest applicable rates; and

j.  Such other and further relief as may be necessary and appropriate.

Dated: May 3, 2023.

Respectfully submitted,

By: */s/ Samuel R. Randall*
Samuel R. Randall (No. 024517)
**RANDALL LAW PLLC**
4742 North 24th Street, Suite 300
Phoenix, Arizona 85016
602-328-0262 – Telephone
602-926-1479 – Facsimile
srandall@randallslaw.com

Michael A. Josephson*
Andrew W. Dunlap*
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch*
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
rburch@brucknerburch.com

*Pro hac vice applications forthcoming*

**ATTORNEYS FOR PLAINTIFF &
THE PUTATIVE CLASS MEMBERS**